SILAS A. STONE, Respondent, v. LOUIS A. GARNETT, Appellant.

No. 3677; October 22, 1873.

**Vendor and Vendee.**—When a Written Receipt for Money Paid Contains a "guaranty" that the payee will make a title in the payor to the enumerated premises paid for, which title is not yet in himself, it is the payee's duty to make in the payor the title contemplated by him within a reasonable time after obtaining it.

**Vendor and Vendee.**—When a Man has Obligated Himself by Contract to Execute a Deed to another, it is not essential to a demand upon him preliminary to instituting suit on the contract that this other present, for him to execute, a deed of the precise nature he had contemplated giving or could be made to give.

APPEAL from Fifteenth Judicial District, San Francisco County.

The appeal was from an order setting aside a nonsuit and granting a new trial. Garnett was a broker and owed money to Savary & Company, who supplied him with vegetables for his table; these creditors had agreed to take in payment of the debt an interest in mines, etc. The agreement was, at the trial, marked "Exhibit A" and its language was as follows:

"Rec'd, San Francisco, 5 March, 1863, of Savary & Co. $2,000 in payment of a one fourth ¼ interest in the above list of claims in Silver Mountain District, and a like interest in the ½ of ranch and mill-site, and hereby guarantee him a title to the same or to return the money."

This was written under an enumerated list of properties and was duly signed by Garnett. Subsequently it was as-

signed to the plaintiff. The complaint asked for alternative relief responsive to the last clause of the agreement. Briefly, the errors assigned principally on the motion for a new trial were that the evidence at the trial had shown (1) that the defendant had agreed to effect a conveyance of the properties by deed, (2) had covenanted to pay back the money on failure so to convey, (3) had not so conveyed, (4) had refused so to pay back, (5) had no title to the property mentioned in Exhibit "A," (6) a proper demand for a conveyance or the return of the money, and (7) a proper tender of a deed for execution.

J. C. Stebbins and G. F. & W. H. Sharp for respondent; Wright & Hoge and S. M. Wilson for appellant.

By the COURT.—The "guaranty" of Garnett was to make to the assignors of the plaintiff a title to the mining claims enumerated in the receipt. The circumstances go to show that the title was to be such a title as Garnett expected to obtain, and did ultimately obtain, from Wakelee. It was the duty of Garnett to convey that title within a reasonable time after he obtained it. The demand made by the plaintiff, that Garnett execute the deed (Exhibit "B") prepared by the plaintiff, was a sufficient demand to put the defendant in default for the purposes of this action, because it was not the duty of the plaintiff to prepare and tender a deed to be executed, and even though the defendant might lawfully refuse to execute a deed such as the one presented, it was, nevertheless, his duty to cause to be prepared and to execute to the plaintiff such a deed as would be sufficient to vest in the plaintiff the Wakelee title to the mining claims referred to.

Order affirmed.